UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FERD EDGAR | ) | Civil Action |
| Plaintiff | ) | Case No.: |
| | ) | |
| versus | ) | Section |
| | ) | Judge |
| M/V BOW TRIBUTE, ODFJELL TANKERS AS, | ) | |
| ODFJELL CHEMICAL TANKERS AS, | ) | Magistrate Division |
| ODFJELL (USA) HOUSTON, INC. | ) | Magistrate Judge |
| Defendants | | |

## **COMPLAINT**

NOW COMES, through undersigned counsel, Plaintiff, Ferd Edgar, who for his Complaint respectfully avers:

1.

Plaintiff, Ferd Edgar, is a person of the full age of majority and a citizen of the State of Louisiana.

2.

Named Defendant is M/V BOW TRIBUTE (IMO No. 9669885), including her gear, engines, tackle, equipment and appurtenances, an ocean-going cargo vessel engaged in the common carriage of goods by sea for hire between foreign and domestic ports, including within this District and within the jurisdiction of this Court.

3.

Named Defendants are Odfjell Tankers AS, Odfjell Chemical Tankers AS, and Odfjell (USA) Houston, Inc., corporations or other legal entities organized and existing pursuant to the laws of other states or of a foreign country, and who were the owners and/or disponent owners

and/or operators and/or charterers of the M/V BOW TRIBUTE and were engaged in the common

carriage of goods and merchandise by water for hire.

4.

This Court has jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 30104 (the Jones Act),

33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act, and the

provisions of the general maritime law. Venue is appropriate pursuant to 28 U.S.C. § 98(a).

5.

Plaintiff designates this matter as an admiralty and maritime claim under Rule 9(h) of the

Federal Rules of Civil Procedure.

6.

At all material times, Plaintiff, Ferd Edgar, was employed as a deckhand lineman by a

mooring company.

7.

During the early morning hours of October 15, 2021, the M/V BOW TRIBUTE was in

the process of mooring at the TotalEnergies terminal located on the Mississippi River in Carville,

Louisiana.

8.

At the direction and instruction of the crew of the M/V BOW TRIBUTE, Mr. Edgar and

his crew received mooring lines from the vessel and affixed the lines to mooring bollards. Due to

the prevailing low river stage, the terminal mooring bollards were located at a relatively high

elevation from the river surface below.

9.

During the mooring process, the M/V BOW TRIBUTE requested that Mr. Edgar move a previously affixed line to a different bollard. In so doing, the crew released (paid out) an exorbitant amount of mooring line that dragged slack into the Mississippi River far below. The large amount of mooring line dragging slack in the river was extremely and unduly heavy, and as Mr. Edgar attempted to move the mooring line to another bollard, he sustained serious injuries to his right shoulder and cervical spine.

10.

A proximate cause of the incident and injuries alleged herein was the negligence and fault of Defendants, through its agents, servants, and employees, as follows:

a) Failing to properly deploy its mooring lines;
b) Improperly deploying an excessive amount of mooring line;
c) Failing to properly coordinate with Mr. Edgar and the mooring crew;
d) Failing to properly operate the vessel and its mooring lines;
e) Failing to train and/or supervise its employees;
f) Failing to maintain the vessel and its appurtenances;
g) Failing to do what they should have done to have prevented the incident;
h) Failing to provide a seaworthy vessel;
i) Failing to provide adequate and safe gear, equipment, and appurtenances;
j) Failing to comply with applicable rules and regulations promulgated by OSHA, the United States Coast Guard, and/or other governmental and/or quasi-governmental agencies;
k) Failing to do what they should have done; and
l) All other acts of negligence and fault that may be identified during discovery.

11.

The incident was caused by no fault of Mr. Edgar and was caused by the exclusive fault and negligence of Defendants. At all material times Mr. Edgar was performing the duties and functions he was instructed and obligated to perform.

12.

Mr. Edgar brings an action for damages that includes, but is not limited to: (a) physical pain and suffering, past, present and future; (b) mental suffering, past, present and future; (c) loss of wages and/or loss of earning capacity, past, present and future; (d) scarring and disfigurement; (e) disability; (f) loss of fringe benefits; (g) medical expenses, past, present and future; and (i) loss of enjoyment of life.

13.

Defendants are liable for the negligence and fault of their employees and crew under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff, Ferd Edgar, respectfully prays that his Complaint be deemed good and sufficient, and that Defendants, M/V BOW TRIBUTE, Odfjell Tankers AS, Odfjell Chemical Tankers AS, and Odfjell (USA) Houston, Inc., be duly served and summoned with a copy of this Complaint, and that they be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Plaintiff, Ferd Edgar, and against Defendants, M/V BOW TRIBUTE, Odfjell Tankers AS, Odfjell Chemical Tankers AS, and Odfjell (USA) Houston, Inc., jointly, severally, and *in solido,* for all reasonable damages, costs, legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Respectfully submitted,

_____***Joseph S. Piacun***_____
JOSEPH S. PIACUN  (25211)
Piacun Law Firm LLC
1340 Poydras Street, Suite 2100
New Orleans, Louisiana 70112
Telephone: (504) 867-4542
Facsimile: (504) 599-8579
Email: jpiacun@piacunlaw.com
**Attorneys for Plaintiff, Ferd Edgar**